**IN THE UNITED STATES DISTRICT COURT**
**NORTH DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Octavia Mitchell, as Personal Representative of the Estate of Izael C. Jackson, and Octavia Mitchell, Individually, | Case No.: 21-cv-00870 |
| Plaintiff | **FRCP RULE 60 COMPLAINT FOR RELIEF FROM JUDGMENT** |
| vs. | |
| City of Chicago and unknown Chicago Police Officers, | **JURY DEMAND** |
| Defendants. | |

## AMENDED COMPLAINT

Now Comes Octavia Mitchell in her personal capacity and in her capacity as personal representative of the estate of her deceased son, Izael Jackson, by and through her attorney Phillip Aaron, and brings this independent action pursuant to *FRCP 60 and 60(d)(3)* alleging fraud on the court seeking relief from the judgment in *Octavia Mitchell, et al, P.O. Jesse W. Belcher, Star No. 11304, et al, cause # 11-cv-2741* entered on July 31, 2014. Plaintiff alleges as follows:

FRCP RULE 60 AMENDED COMPLAINT
FOR RELIEF FROM JUDGMENT – Page 1

Phillip Aaron, Attorney at law
WSBA #6464 – Federal Bar #6464
13910 SE 60th Street
Bellevue, Washington 98006
206 323 4466

# I.

# JURISDICTION AND FRAUD ON THE COURT

1. This action is brought pursuant to the saving clause of *FRCP 60 and 60(d)(3)* alleging FRAUD ON THE COURT committed by Defendant attorneys when they intentionally misrepresented a highly material fact pertaining to DNA evidence that would likely have affected the outcome of the trial had the court and jury known the truth.

2. This case involves the unjustified killing of an unarmed 18-year-old African American boy by members of the Chicago Police Department and the coverup of the unlawful and racially motivated murder by the defendants.

3. On April 24,2010, Izael Jackson was shoot three times in the back and killed by the Defendants as he ran in fear for his life after the car in which he was a passenger was stalked by the much-feared gang unit of the Chicago Police Department (CPD) known as the Wolf Pack or Mobile Strike Force or by some other name.

4. Because of reputation of the Wolf Pack/Mobil Strike Force for arbitrarily physically mistreating African American males and for other misconduct including unlawfully shooting at them, and stalking and stopping and detaining and arresting of African American males, Izael Jackson ran in fear for his life.

5. The Defendants, without justification, shot and killed 18-year-old Izael Jackson, a high school senior, on April 24, 2010, a few days before his senior prom and a few weeks before he

FRCP RULE 60 AMENDED COMPLAINT  
FOR RELIEF FROM JUDGMENT – Page 2

Phillip Aaron, Attorney at law  
WSBA #6464 – Federal Bar #6464  
13910 SE 60th Street  
Bellevue, Washington 98006  
206 323 4466

was to march in his high school Graduation from Hyde Park Academy to receive his high school diploma and recognition for his athletic skill as the school's ace left-hand pitcher.

6. The Defendants claimed they were justified in shooting and killing Izael Jackson because Izael Jackson shot at them as he ran from the police causing them to fear for their lives. Defendants claim that as Izael Jackson ran from them, he shot over his shoulder at them with a gun in his right hand.

7. The civilian eyewitnesses contradicted the police testimony. The eye witnesses testified that Izael was unarmed, fleeing in fear, calling for his mother as the police shot at him; and that Izael posed no threat to the Defendants or anyone else.

8. The eyewitnesses testified they observed Izael fall from the shots and observed Izael as he lie on the ground and that at no time did he have a gun in either of his hands or next to his body. And at no time did he have a glove or any other covering on either hand.

9. The Defendants claimed they recovered the gun at the scene. The location of the recovered gun was given different locations by different police officers at the time of discovery.

10. The weapon was examined for DNA, gunpowder residue (GPR), and fingerprints. Three DNA samples were taken from the weapon, marked, and placed in evidence.

11. The fingerprint examination revealed that Izael's fingerprints were not on the weapon.

12. The GPR test did not prove that Izael even held a gun and it did not prove that Izael fired a gun. The GPR test report found three possibilities for GPR from the test and therefore was of no probative value.

FRCP RULE 60 AMENDED COMPLAINT
FOR RELIEF FROM JUDGMENT – Page 3

Phillip Aaron, Attorney at law
WSBA #6464 – Federal Bar #6464
13910 SE 60th Street
Bellevue, Washington 98006
206 323 4466

13. The remaining forensic evidence that could prove whether Izael possessed the weapon was the three DNA samples taken from the weapon.

14. The Defendants stated to the court orally and in writing that the DNA sample were sent to the state lab for testing and the state lab did not test the samples.

15. No test was performed on the DNA samples, a highly probative piece of evidence that could have determined if Izael fired or possessed or even touched the weapon.

16. The Defendants claimed they were justified in their use of deadly forced because Izael Jackson shot at them several times as he ran with his back to them.

17. DNA evidence could prove whether the Defendants were justified in their use of deadly force because the DNA evidence could prove whether Izael possessed or even touched the weapon.

18. The DNA evidence was crucial to the outcome of the case. Yet, the Plaintiff was not allowed to cross examine, argue, or even mention the DNA collection, storage, or anything else pertaining to the DNA samples, pursuant to the court's order on Defendant's motion in limine which was granted, in part, based on the Defendant's intentional misrepresentation to the court that the Defendants followed the protocol and custom of sending DNA samples collected from a crime scene to the state forensic lab for testing and the lab did not test the samples as the Defendants had requested.

19. The United States Department of Justice undertook an investigation of the Chicago Police Department to determine whether the Chicago Police Department was engaged in a pattern and practice that violates the rights of its citizens. Addressing this very issue, the report states, part:

7. <u>Failure to adequately address physical evidence</u>

Our review of IPRA's investigative files identified other deficiencies and irregularities that related to the collection, analysis, and reporting of physical evidence. Although the IPRA procedure manual states that "physical evidence is crucial to any case," and "investigators should pay close attention to physical evidence," we found IPRA files lacking in key respects. CPD routinely swabs recovered weapons and suspects' hands for DNA and gunshot residue (GSR) so it may determine whether an individual held or fired a weapon. Most officer-involved shooting files we reviewed noted the collection of DNA or GSR evidence. Rarely did the files contain the lab results of DNA tests or an explanation for why they were missing. More frequently, we saw lab results for GSR tests, but in most cases, IPRA only mentioned the results in the rationale for their finding when the results corroborated the officers' accounts.

This outcome is troubling, especially in cases where there were sharp disputes between officer and civilian witnesses … *Investigation of the Chicago Police Department, Pg. 64.*

20. On October 15, 2019 the Defendants admitted that they did not send the DNA samples to the state lab for testing. In her letter of October 15, 2019 to COPA, Dana O'Malley, CPD General Counsel, admitted that the DNA samples were not sent to the state lab for testing; that instead the samples were placed in a police evidence locker where it remained for nine years without being tested. **See Exhibit A**.

21. The Defendants committed FRAUD ON THE COURT when they intentionally and knowingly told and assured the court that the DNA samples were sent to the state lab for testing; and it was the state lab that caused the samples not to be tested, and that the Defendants had clean hands in that they did their duty and acted in good faith by sending the DNA samples to the state lab for testing.

22. Defendant attorneys told the court that the three DNA swabs taken from the weapon that the CDP claimed was used by Izael Jackson to shoot at them was sent to the state lab for testing and that the state lab refused or otherwise did not test the DNA swabs.

23. During the nine years that the DNA evidence remained in the possession of the CPD, Defendant attorneys knowingly made repeatedly misrepresentations to the trial and appellant courts that the DNA samples were sent to the state lab for testing but the state lab did not test the samples.

24. In May, 2019, over nine years since the killing of Izael Jackson and two years after the U.S. Justice Department found that the CPD engaged in a pattern of systemic police misconduct and racial discrimination, and by mandate of COPA, the CPD sent the DNA samples to a non-state lab where they were finally tested.

25. Izael Jackson's DNA was not found on the weapon that the CPD claimed he used to shoot at them causing the police to fear for their lives and thereby justifying their shooting him three times in the back and killing him.

## II.

## Procedural History

26. The history of the proceeding of *Octavia Mitchell, et al, v P.O. Jesse W. Belcher, Star No. 11304, et al, cause # 11-cv-274,* the case in which the judgment from which Plaintiff seeks relief is as follows: The case was tried in United States District Court before a jury and a judgment for the Defendants was entered on July 31, 2014. The judgment was affirmed on appeal on July 5, 2017. and the Writ of Certiorari was denied by the Supreme Court of the United States on January

FRCP RULE 60 AMENDED COMPLAINT  
FOR RELIEF FROM JUDGMENT – Page 6

Phillip Aaron, Attorney at law  
WSBA #6464 – Federal Bar #6464  
13910 SE 60th Street  
Bellevue, Washington 98006  
206 323 4466

8, 2018. A Rule 60 action alleging different facts was brought before the trial judge which was dismissed on lack on jurisdiction.

27. Subsequent to the procedural history setforth above, Defendants admitted that the DNA samples had not been sent to the state lab for testing and instead were kept in the custody of the CDP.

### III.

### PARTIES

#### A. Plaintiffs

28. Octavia Mitchell is the mother of and personal representative of the estate of Izael Jackson, deceased. Octavia Mitchell is a single woman who at all times relevant hereto resided in Chicago, Illinois.

#### B.

#### C. Defendants

28. The Defendants and their attorney are officers of the court.

29. The Defendant City of Chicago is a municipal corporation formed under the laws of the State of Illinois.

30. The Defendant unknown police officers, at all times relevant hereto, were employees of the City of Chicago Police Department and were assigned to the Mobile Strike Force Unit.

31. The Mobile Strike Force Unit was a special unit of police officers assigned mostly to areas in the city with a high African American population and designated a high crime area. The Mobile Strike Force Unit employed aggressive crime prevention and policing techniques in areas

FRCP RULE 60 AMENDED COMPLAINT
FOR RELIEF FROM JUDGMENT – Page 7

Phillip Aaron, Attorney at law
WSBA #6464 – Federal Bar #6464
13910 SE 60th Street
Bellevue, Washington 98006
206 323 4466

they patrolled. The Mobile Strike Force Unit was feared by many of the residents of the areas they patrolled and was the subject of citizen complaints alleging police misconduct and violation of their civil rights. Many African American residents viewed the Mobile Strike Force Unit as a menacing and occupying force, rather than a policing unit there to protect the citizens. Even the presence of the Mobil Strike Force Unit engendered fear. For young African American males like Izael Jackson, being stopped by them was terrifying.

## IV.

**THE CENTRAL FOCUS OF THIS ENTIRE MATTER IS WHETHER IZAEL JACKSON CAUSED THE POLICE TO FEAR FOR THEIR LIVES BY SHOOTING AT THEM AND THERBY JUSTIFIED THE POLICE USE OF DEADLY FORCE.**

32. The central focus of the trial was whether Izael Jackson fired a pistol at the police causing the police to fear for their lives and thereby justifying the police shooting Izael Jackson in the back killing him, as Izael Jackson ran from them.

33. Defendant and their attorneys falsified evidence and in doing so deprived Plaintiff of a fair trial.

34. The Defendant and their attorneys knew that the DNA samples were not sent to the state lab for testing. The Defendants and their attorneys were aware of the strict compliance, proceedings, and guidelines requiring the collection of the DNA evidence for purposes of determining whether a person possessed and fired a particular pistol be promptly tested.

35. In addition, the Defendants falsified police records purporting to show the transfer of the DNA samples to the Forensic Service Section for testing. Defendants and their attorneys intentionally made false statements to the court for the purpose of perpetrating a fraud on both the trial court and the appellate courts.

36. The City of Chicago and the Chicago Police Department in this case and similar cases have engaged in a pattern and practice of concealing DNA evidence, and deceiving the court and the public about DNA evidence in this case and similarly situated cases in order to cover up and justify their misconduct.

37. The defendants conspired to falsify and conceal evidence and thereby deprived Izael Jackson of his constitutional rights including the right to a fair trial.

## V.

## PRAYER

WHEREFORE, Plaintiff prays:

38. That the court grant Plaintiff relief from the judgment entered in the matter of *Octavia Mitchell, et al, v P.O. Jesse W. Belcher, Star No. 11304, et al, cause # 11-cv-2741* entered on July 31, 2014, and enter an order vacating the judgment;

39. A judgment be granted against the City of Chicago and damages be awarded;

40. Or, in the alternative Plaintiffs be granted a new trial;

41. That the court enter a finding that the Defendants and their attorneys committed a fraud on the court; and

42. Grant attorney fees and any other relief the court deems equitable and just.

FRCP RULE 60 AMENDED COMPLAINT  
FOR RELIEF FROM JUDGMENT – Page 9

Phillip Aaron, Attorney at law  
WSBA #6464 – Federal Bar #6464  
13910 SE 60th Street  
Bellevue, Washington 98006  
206 323 4466

Respectfully submitted this 21st day of July, 2021.

/s/ Phillip Aaron
Phillip Aaron, WSBA No. 6464 - Federal Bar # 6464
Attorney for Plaintiff
13910 SE 60th Street
Bellevue, Washington 98006
Tele: 206.323.4466
Email: paaron4020@earthlink.net

FRCP RULE 60 AMENDED COMPLAINT
FOR RELIEF FROM JUDGMENT – Page 10

Phillip Aaron, Attorney at law
WSBA #6464 – Federal Bar #6464
13910 SE 60th Street
Bellevue, Washington 98006
206 323 4466

# **CERTIFICATE OF SERVICE**

      The undersigned, an attorney, states that pursuant to Federal Rule of Civil Procedure 26(a)(1) he caused a copy of the foregoing FRCP Rule 60 Amended Complaint For Relief From Judgment to be filed electronically through the CM/ECF filing system with the United States District Court for the Northern District of Illinois and caused a copy of the same to be served electronically upon:

Lori E. Lightfoot
Mayor
Executive Office
Chicago City Hall, 4th Floor
121 North LaSalle Street
Chicago, Illinois 60602
(312) 744.5000

On July 21, 2021.

                                                            /s/ Phillip Aaron

FRCP RULE 60 AMENDED COMPLAINT
FOR RELIEF FROM JUDGMENT – Page 11

Phillip Aaron, Attorney at law
WSBA #6464 – Federal Bar #6464
13910 SE 60th Street
Bellevue, Washington 98006
206 323 4466